UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERSON STEWART QUIMBAYO DIAZ,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 2:26-cv-01108-DAD-JDP (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. No. 10) |

Petitioner Gerson Stewart Quimbayo Diaz is a former federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 28, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 10.) Specifically, the magistrate judge found that due process required petitioner be provided with a pre-deprivation hearing prior to any re-detention. (*Id.*) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.*) On July 28, 2026, respondent filed its objections to the pending findings and recommendations which are comprised of a single

sentence stating that it objects for the same reasons set forth in its prior briefing. (Doc. No. 12.) These objections do not provide a basis upon which to reject the pending findings and recommendations

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on July 28, 2026 (Doc. No. 10) are ADOPTED IN FULL;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner unless it provides petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner poses a danger to the community or a risk of flight by clear and convincing evidence; and
3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 25, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE